Smith v. Munch.

## Dexter A. Smith
### v.
## John Munch.

*Action on Note—Assignment—Notice of Defense—Failure of Consideration—Admissibility of Evidence—Practice—Defective Transcript and Abstract.*

In an action on a note on the face of which certain matter appeared, it is *held:* That evidence of a failure of consideration was admissible if the holder had notice, or was fairly put upon inquiry; that this was a question for the jury; that the matter on the face of the note was admissible in connection with other facts to prove such notice; and that this court can not interfere with the verdict of the jury finding that the holder was not a *bona fide* assignee.

[Opinion filed November 20, 1886.]

Appeal from the Circuit Court of Moultrie County; the Hon. J. F. Hughes, Judge, presiding.

Messrs. Cochran & Harbaugh, for appellant.

Where a promissory note is indorsed by the payee without

date, it will be presumed, in the absence of proof, that it was assigned at the date of the execution of the note. Smith v. Nevlin, 89 Ill. 193.

If the time of the assignment of a note becomes material, it is incumbent on the maker to show that it was made after the maturity of the instrument where the indorsement is without date. Mobley v. Ryan, 14 Ill. 51.

The writing below the signature and marginal line of said note is no part of it. There is no evidence that it was there when the note was signed, or that any one authorized to do so caused it to be written there. It certainly could not be construed so as to make it appear to one purchasing the note as notice of a defense to the note. Owen v. Barnum, 2 Gilm. 461; Carr v. Welsh, 46 Ill. 88.

Mr. W. H. SHINN, for appellee.

PLEASANTS, P. J. The abstract in this case hardly complies with the rule and the transcript is not what it should be.

It is a suit in assumpsit by appellant, as assignee, against appellee as maker of a note, in special form and printed, to D. M. Osborne & Co. for $100, dated August 1, 1882, and payable on or before January 1, 1884, at the Merchants' & Farmers' Bank in Lovington, Illinois. It embraced a certificate by the maker, "for the purpose of obtaining the property for which it was given," that he owned in his own name —— acres of land in section ——, township ——, etc., and $1,500 worth of personal property on it over and above all his indebtedness. Under the signature was written: "This machine to be put in running order by the harvest of 1883, when starting in 100 Oct. 1st, '83." Appellee says it also shows on its face, in the lower left hand corner, the following: " [number on the machine—9]"; and at the bottom, on margin, the printed words: "Other notes in payment for same machine given to D. M. Osborne & Co."; but if there the transcript of the record omits them.

It was stipulated that any defense which could be well pleaded might be given in evidence under the general issue

Smith v. Munch.

filed.  A verdict was returned for the defendant, a motion for a new trial denied and judgment entered.

The bill of exceptions shows that plaintiff offered in evidence " the note sued, also the writing on the margin," which were admitted, and he then rested; but the assignment indorsed is also copied in the transcript, together with the other matter above mentioned.

Assuming that it was all treated as in evidence, the only material question in the case is upon the propriety of the court's ruling in admitting proof of the failure of the consideration or conditions on which the note was given, notwithstanding it appeared that plaintiff was in possession of it before maturity.

It was proper if he had actual notice of these facts or was fairly put upon inquiry in relation to them before he got it.

Whether he was so notified or put upon inquiry was a question of fact for the jury; and all the matter appearing on its face—since it had been under the control of the payee and plaintiff from the time of its execution—was admissible, in connection with other facts in evidence, as tending to prove it. Henneberry v. Morse, 56 Ill. 395; Russell v. Haddock, 3 Gilm. 233.  It was further proved that after maturity, in the spring of 1884, it was in the hands of the general agent of D. M. Osborne & Co., with plaintiff's approval, and that this agent demanded payment for them of appellee.

The jury found that appellant was not a *bona fide* assignee for value and without notice of the defense as against his assignors, and we are unwilling to say they were not justified by the evidence.

*Judgment affirmed.*